**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANTHONY MORRISON,

    Petitioner,

-vs-                                              Case No. 8:05-cv-2351-T-30TGW

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, a pretrial detainee held in the Hillsborough County Jail ("HCJ"),[1] initiated this matter by filing a request for federal habeas relief (Dkt. 1). The Court finds, for reasons set forth below, that the petition should be dismissed without service on the Respondent. *See* Rule 4, Rules Governing Section 2254 Cases (2004).

Petitioner makes the following assertions in support of his request for relief:

> The petitioner Anthony Morrison is being illegally detained on the felony charge of possesion [sic] with intention to sell drugs when in fact Mr. Morrison possessed no drugs only drug paraphernalia. The charge has no merit and therefor the petitioner prays that this honorable court will order this ridiculous charge dismissed and release the petitioner from custody immediately. This charge was only made up to detain Mr. Morrison as the arresting officer knew a paraphernalia charge would result in release. . .
>
> This is my plight. On November 30, 2005[,] I was stopped while walking in a housing project. I was then searched. I had in my

---

[1]The Court takes judicial notice of information available on the Arrest Inquiry database maintained by the Hillsborough County Sheriff's Office, http://www.hcso.tampa.fl.us/, viewed on January 6, 2006, stating that Petitioner was released from the HCJ on December 29, 2005. *See* Fed. R. Evid. 201. The information is not relied upon to determine Petitioner's criminal records, but rather to confirm information provided in the petition.

>       possession a crack pipe, however, I had no drugs.  In a fit of stupidity on my part[,] I got verbally nasty with the officer.  In return[,] he arrested me for not just the crack pipe and added a bogus charge of possession and another really bogus charge of poss [sic] with intent to sell.  I know all but the legitimate misdemeanor charge of paraphernalia will be dropped eventually but I should not have to sit in jail waiting weeks on court for a charge of poss [sic] with intent to sell when I in fact had no drugs to sell.

Dkt. 1.

Federal habeas review is available for state prisoners pursuant to 28 U.S.C. § 2254, which provides, in pertinent part, that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Federal review at this juncture is premature because Petitioner is not being held "pursuant to the judgment of a State court." *Id.*

To the extent that Petitioner is requesting that this Court order the state court to dismiss his charges, writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Fed. R. Civ. P., although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361. Under § 1361, district courts have jurisdiction to compel <u>United States officials</u> to perform their duties. United States courts do not, however, have jurisdiction to issue writs of mandamus to direct <u>state courts or their judicial officers</u> in the performance of their duties.  *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971)[2]; *Haggard v. State of Tennessee*, 421

---

[2] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court unless reversed by the United States Supreme Court or the Eleventh Circuit Court of Appeals sitting en banc. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F. Supp. 914, 915 (E.D. Wis. 1978). Analogously, United States courts have no jurisdiction to issue writs of mandamus to direct state agencies in the performance of their duties. *See e.g. Robinson v. California Bd. of Prison Terms*, 997 F.Supp. 1303, 1308 (C.D. Cal. 1998) (stating that federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties). Therefore, this Court cannot grant the relief Petitioner seeks.

**ACCORDINGLY**, the Court **ORDERS** that:

1. Petitioner's request for federal habeas relief is **DENIED** without prejudice as premature (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 6, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Petitioner

SA/jsh